## UNITED STATES FEDERAL DISTRICT COURT

## IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIAN SAUER, Successor Personal Representative of the Estate of LATROYA MACDOO, | Case No. 1:11-cv-1078 Hon. Robert Holmes Bell |
|     Plaintiff, -vs- | |
| KAZ ENTERPRISES, INC., d/b/a LOUIE'S SPORTS BAR & RESTAURANT, OZELL QUINN and CHARLES TUNSTALL, | |
|     Defendants, and | |
| LOUIE'S SPORTS BAR & RESTAURANT, | |
|     Cross-Plaintiff, -vs- | **Oral Argument Requested** |
| OZELL QUINN, | |
|     Cross-Defendant. | |

_____/

ROOSEVELT THOMAS (P49267)
Attorney for Plaintiff
111 South Lyon Street, NW, Suite 900
Grand Rapids, Michigan 49503
(616) 752-2188
rthomas@wnj.com

MICHAEL C. EWING (P49797)
Attorney for Defendant Louie's
28819 Franklin Road, Suite 100
Southfield, Michigan 48034
(248) 204-4645
michael.ewing@us.qbe.com

JUSTIN L. COLE (P68139)
Attorney for Defendants Quinn, Tunstall
2025 E. Beltline SE, Suite 209
Grand Rapids, Michigan 49546
(616) 285-0143
jcole@secrestwardle.com

_____/

**KAZ ENTERPRISES, INC., d/b/a LOUIE'S SPORTS BAR & RESTAURANT'S
Corrected MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56
WITH INCORPORATED BRIEF IN SUPPORT**

**Oral Argument Requested**

## KAZ ENTERPRISES, INC., d/b/a LOUIE'S SPORTS BAR & RESTAURANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 WITH INCORPORATED BRIEF IN SUPPORT

### Oral Argument Requested

NOW COMES Defendant, Kaz Enterprises, Inc., d/b/a Louie's Sports Bar & Restaurant, by and through its attorney, Michael C. Ewing, and states the following as its Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56:

1. The instant matter is a combined automobile negligence/dramshop action in which Plaintiff's decedent, Latroya Macdoo, was killed as a result of being struck by a vehicle operated by Defendant Ozell Quinn. Specifically, Plaintiff claims that Quinn was served alcohol by Louie's while visibly intoxicated in contravention of the Michigan dramshop act, MCL 436.1801, after which he negligently operated a vehicle owned by Defendant Charles Tunstall.

2. The accident occurred on May 9, 2010, at approximately 2:00 a.m. Macdoo, aged 20, was walking westbound on the shoulder of Empire Street in the township of Benton when she was struck by the Tunstall vehicle. Macdoo, a minor, had been consuming alcohol prior to the accident as later blood tests revealed a bodily alcohol content of .06. (See Exhibit A, traffic crash report as well as alcohol blood test).

3. Prior to the accident Quinn had been a patron at Louie's Sports Bar located on M-139 in Benton Harbor where he had been consuming alcohol.

4. Quinn testified, inter alia, that he arrived at Louie's between 10 and 11 p.m. and left sometime between 1 and 2 a.m. During his patronage Quinn ordered one pitcher of beer and consumed a total of four to five glasses of beer from either his pitcher or in combination from pitchers ordered by other patrons. (See Exhibit B, Quinn's deposition at

2

pages 8, 15-17).

5. While at Louie's Quinn was not involved in any physical or verbal altercations, did not experience coordination or balance problems, did not slur his speech and gave no sign that he appeared visibly intoxicated. (See Exhibit B, Quinn's deposition at pages 17 and 18).

6. The accident occurred as Quinn was going to his residence on Searles Street after having dropped off a friend at her residence. (See Exhibit B, Quinn's deposition at page 22).

7. Following the accident Quinn was arrested and underwent chemical breath tests as well as police interrogation following his waiver of Miranda Rights. (See Exhibit C, breath analysis registering scores of .09 and .08 as well as Miranda waiver). During police questioning Quinn remarked that he felt too intoxicated to recall certain answers to detailed questions.

8. Plaintiff has failed to produce evidence beyond impermissible speculation and conjecture that Louie's furnished alcohol to Quinn while he was visibly intoxicated. Additionally, Plaintiff's answers to Louie's Request for Admissions are untimely and woefully deficient demanding their admittance.

9. Pursuant to Local Civil Rule 7.1(d), Louie's has ascertained that this motion and the relief sought therein will be opposed.

WHEREFORE, for the foregoing reasons as well as those stated in the incorporated brief, Kaz Enterprises, Inc., d/b/a Louie's Sports Bar & Restaurant, respectfully requests that this Honorable Court grant its motion for summary judgment and dismiss with prejudice Plaintiff's complaint together with costs and fees so wrongfully incurred.

                          Respectfully submitted:

By:   /s/ MICHAEL C. EWING
       Michael C. Ewing (P49797)
       Attorney for Defendant
       28819 Franklin Road, Suite 100
       Southfield, MI 48034

Date: July 26, 2013                (248) 204-4645

UNITED STATES FEDERAL DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIAN SAUER, Successor Personal Representative of the Estate of LATROYA MACDOO, | Case No. 1:11-cv-1078 Hon. Robert Holmes Bell |
| Plaintiff, -vs- | |
| KAZ ENTERPRISES, INC., d/b/a LOUIE'S SPORTS BAR & RESTAURANT, OZELL QUINN and CHARLES TUNSTALL, | |
| Defendants, and | |
| LOUIE'S SPORTS BAR & RESTAURANT, | |
| Cross-Plaintiff, -vs- | **Oral Argument Requested** |
| OZELL QUINN, | |
| Cross-Defendant. | |

_____/

| | |
|---|---|
| ROOSEVELT THOMAS (P49267) Attorney for Plaintiff 111 South Lyon Street, NW, Suite 900 Grand Rapids, Michigan 49503 (616) 752-2188 rthomas@wnj.com | MICHAEL C. EWING (P49797) Attorney for Defendant Louie's 28819 Franklin Road, Suite 100 Southfield, Michigan 48034 (248) 204-4645 michael.ewing@us.qbe.com |
| JUSTIN L. COLE (P68139) Attorney for Defendants Quinn, Tunstall 2025 E. Beltline SE, Suite 209 Grand Rapids, Michigan 49546 (616) 285-0143 jcole@secrestwardle.com | |

_____/

**BRIEF IN SUPPORT OF KAZ ENTERPRISES, INC., d/b/a LOUIE'S SPORTS BAR & RESTAURANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

**Oral Argument Requested**

# **TABLE OF CONTENTS**

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Statement of Question Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Summary Judgment Principles . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument and Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      PLAINTIFF HAS FAILED TO PRODUCE EVIDENCE BEYOND IMPERMISSIBLE SPECULATION AND CONJECTURE THAT LOUIE'S FURNISHED ALCOHOL TO QUINN WHILE HE WAS VISIBLY INTOXICATED. ADDITIONALLY, PLAINTIFF'S ANSWERS TO LOUIE'S REQUEST FOR ADMISSIONS ARE UNTIMELY AND WOEFULLY DEFICIENT DEMANDING THEIR ADMITTANCE.

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**INDEX OF AUTHORITIES**

**CASES**
Anderson v Liberty Lobby, Inc.,
    477 U.S. 242, 252 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10

Celotex Corp. v Catrett,
    477 U.S. 317, 322 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Dhuy v Rude,
    186 Mich App 360, 362; 465 NW 2d 32 (1990) . . . . . . . . . . . . . . . . . . . . 7

Matsushita Electric Industrial Company v Zenith Radio Corporation,
    475 U.S. 574, 587 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

McKnight v Carter,
    144 Mich App 623; 376 NW 2d 170 (1985) . . . . . . . . . . . . . . . . . . . . . . . 7

Millross v Plum Hollow Golf Club,
    429 Mich 178; 413 NW 2d 17 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reed v Breton,
    475 Mich 531, 537-538; 718 NW2d 770 (2006) . . . . . . . . . . . . . . . . 7, 8, 9

Wyatt v Chosay,
    330 Mich 661; 48 NW 2d 195 (1951) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


**STATUTES**
    MCL 436.1801 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7


**JURY INSTRUCTIONS**
    75.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    75.12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **STATEMENT OF QUESTION PRESENTED**

Has Plaintiff created a triable question of fact with respect to whether Quinn was furnished alcohol while visibly intoxicated by Louie's in contravention of the Michigan dramshop act?

Plaintiff answers "Yes."

Louie's answers "No."

## I. **STATEMENT OF FACTS**

The instant matter is a combined automobile negligence/dramshop action in which Plaintiff's decedent, Latroya Macdoo, was killed as a result of being struck by a vehicle operated by Defendant Ozell Quinn. Specifically, Plaintiff claims that Quinn was served alcohol by Louie's while visibly intoxicated in contravention of the Michigan dramshop act, MCL 436.1801, after which he negligently operated the vehicle owned by Defendant Charles Tunstall.[1]

The accident occurred on May 9, 2010, at approximately 2:00 a.m. Macdoo, aged 20, was walking westbound on the shoulder of Empire Street in the township of Benton when she was struck by the Tunstall vehicle. Macdoo, a minor, had been consuming alcohol prior to the accident as later blood tests revealed a bodily alcohol content of .06. (See Exhibit A, traffic crash report as well as alcohol blood test). Prior to the accident Quinn had been a patron at Louie's Sports Bar located on M-139 in Benton Harbor where he had been consuming alcohol.

Quinn testified, inter alia, that he arrived at Louie's between 10 and 11 p.m. and left sometime between 1 and 2 a.m. During his patronage Quinn ordered one pitcher of beer and consumed a total of four to five glasses of beer from either his pitcher or in combination from pitchers ordered by other patrons. (See Exhibit B, Quinn's deposition at pages 8, 15-17). While at Louie's Quinn was not involved in any physical or verbal altercations, did not experience coordination or balance problems, did not slur his speech and gave no sign that

---

[1] Plaintiff's suit against the Township of Benton and various police officers was previously dismissed by stipulation and order. Additionally, Plaintiff's claim against Defendant Tunstall (Quinn was a permissive user) has in theory been settled although funds have not been formally transferred given the existence of Louie's cross-claim against Defendant Quinn which will be automatically dismissed in the event summary judgment is granted to Louie's thereby allowing for settlement and case closure.

he appeared visibly intoxicated. (See Exhibit B, Quinn's deposition at pages 17 and 18).

The accident occurred as Quinn was going to his residence on Searles Street after having dropped off a friend at her residence. (See Exhibit B, Quinn's deposition at page 22). Following the accident Quinn was arrested and underwent chemical breath tests as well as police interrogation following his waiver of Miranda Rights. (See Exhibit C, breath analysis registering scores of .09 and .08 as well as Miranda waiver). During police questioning Quinn remarked that he felt too intoxicated to recall certain answers to detailed questions.

## II. SUMMARY JUDGMENT PRINCIPLES

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and for which that party bears the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). The movant has the initial burden of showing "the absence of a genuine issue of material fact." Id at 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Electric Industrial Company v Zenith Radio Corporation, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ARGUMENT AND ANALYSIS

PLAINTIFF HAS FAILED TO PRODUCE EVIDENCE BEYOND IMPERMISSIBLE SPECULATION AND CONJECTURE THAT LOUIE'S FURNISHED ALCOHOL TO QUINN WHILE HE WAS VISIBLY INTOXICATED.

The exclusive remedy against liquor licensees for injuries caused by conduct arising out of the selling of intoxicating beverages is the dramshop act. Dhuy v Rude, 186 Mich App 360, 362; 465 NW 2d 32 (1990). MCL 436.1801(2) prohibits a retail licensee from providing alcohol to a visibly intoxicated person. The act also permits a person injured by a visibly intoxicated person to sue a retail establishment that sells alcohol to a visibly intoxicated person, if the sale is a proximate cause of the injury. MCL 436.1801(3); Reed v Breton, 475 Mich 531, 537-538; 718 NW 2d 770 (2006); Millross v Plum Hollow Golf Club, 429 Mich 178; 413 NW 2d 17 (1987). A plaintiff fails to carry her burden of establishing a case under the act when the evidence is insufficient and leaves a jury to speculation and conjecture. Wyatt v Chosay, 330 Mich 661; 48 NW 2d 195 (1951).

#### 1. MCL 436.1801(2)

In pertinent part, subsection (2) provides:

> A retail licensee shall not directly or indirectly, individually or by a clerk, agent, or servant sell, furnish, or give alcoholic liquor to a person who is visibly intoxicated.

#### 2. Dramshop Requirements

In order to maintain a dramshop action, a Plaintiff must prove that (1) she was

injured by the wrongful or tortious conduct of a visibly intoxicated person, (2) the alcohol consumed by the visibly intoxicated person was a proximate cause of her injuries, and (3) the dramshop furnished alcohol to a visibly intoxicated person. McKnight v Carter, 144 Mich App 623; 376 NW 2d 170 (1985). Civil jury instruction 75.12 sets forth Plaintiff's burden of proof:

    a.    that Plaintiff was injured by Quinn;

    b.    **that Quinn was visibly intoxicated at the time he was furnished alcohol by Louie's** (emphasis added); and

    c.    that the selling, giving, or furnishing of alcoholic liquor was a proximate cause of Plaintiff's injury.

Plaintiff is required to demonstrate beyond speculation and conjecture that Quinn was sold, given, or furnished alcohol by Louie's while visibly intoxicated. Civil jury instruction 75.02 defines "intoxicated" and "visibly intoxicated" in the following way:

### INTOXICATED

A person is "intoxicated" when, as a result of drinking alcoholic liquor, his or her mental or physical senses are impaired.

### VISIBLY INTOXICATED

A person is "visibly intoxicated" when his or her intoxication would be apparent to an ordinary observer.

### 3. Application of Dramshop Principles

In Reed, supra, the court determined that in order to establish visible intoxication in a dramshop case, there must be evidence of actual visible intoxication. Specifically, the court held that to establish visible intoxication under subsection (2) a plaintiff must present

8

evidence of **actual visible intoxication**. (Emphasis added). A plain reading of subsection (2) does not prohibit a retail licensee from serving alcohol to one who simply becomes visibly intoxicated. Reed, supra. The statute clearly requires that actual visible intoxication be established at the time the alleged intoxicated person was furnished alcohol. Because the Court of Appeals in Reed, supra, held that the plaintiffs established their claim without such evidence, relying instead on suppositions drawn from blood alcohol tests, the Supreme Court reversed its judgment and reinstated the trial court's grant of summary disposition for defendant bar.

The alleged intoxicated person in Reed, supra, had a blood alcohol content of .215 and had been consuming large amounts of alcohol the entire day. One expert in Reed testified that Breton had consumed between 24 and 25 beers in the nine-hour period before the accident. Of important note is footnote 5, where the court specifically mentions how plaintiff's expert focused on Breton's behavior following his departure from defendant's bar rather than on his behavior at the time he was served alcohol there.

Turning to the case at bar, there is no dispute for purposes of this motion that Quinn in fact consumed alcohol served to him by Louie's. However, there is simply no evidence whatsoever that Quinn was (1) visibly intoxicated during his patronage of Louie's or (2) that he was furnished alcohol while visibly intoxicated even assuming for the sake of argument that he was visibly intoxicated. Reed, supra. Plaintiff's intended reliance on Quinn's blood alcohol content as gleaned from chemical tests and the fact that Quinn remarked to interrogating police officers that he was too intoxicated to remember certain aspects of the evening are not tantamount to **visible intoxication**. (Emphasis added). Internal feelings

of intoxication are insufficient to establish visible intoxication.  This is so because "visible" intoxication means just that.  It requires "objective manifestations" - i.e. impairment that is apparent to an ordinary observer.  <u>Reed</u>, <u>supra</u> at 542-543.  The chemical tests no doubt demonstrate that Quinn was legally intoxicated under our state's criminal law, but legal intoxication is a far different concept than visible intoxication.  <u>Reed</u>, <u>supra</u>.

The evidence demonstrates that Quinn was served a single pitcher and that Quinn consumed four or five glasses of beer in combination from his pitcher as well as perhaps other pitchers ordered by other customers.  (See Exhibit B at pages 15-17).  Thus, the question before this court is how did Quinn appear to an ordinary observer at the time he was served the only the pitcher that he ordered?  According to Quinn he demonstrated no sign of intoxication, visible or otherwise during his patronage at Louie's.  (See Exhibit B at pages 17 and 18).  This testimony is uncontradicted.  Quinn's answers to police officers during interrogation hours after he was served a single pitcher of beer is not relevant to whether he was visibly intoxicated at the time of this service.  Quinn could not have <u>appeared</u> intoxicated to the police officers even though he <u>felt</u> intoxicated in light of his Miranda waiver.  Certainly, trained officers would not have accepted this waiver of Constitutional rights had he appeared intoxicated and not knowingly and voluntarily waived these rights.  In order to defeat summary judgment Plaintiff must come forth with evidence that Quinn was visibly intoxicated when served alcohol at Louie's.  <u>Anderson</u>, <u>supra</u>, at 252.  As Plaintiff has failed to do so summary judgment is appropriate.

### IV. **PLAINTIFF'S ANSWERS TO LOUIE'S REQUEST FOR ADMISSIONS**

On June 7, 2013, Plaintiff filed answers to Louie's Request for Admissions which

were duly served and filed on March 1, 2012. On March 21, 2012, the court stayed all proceedings as a result of Annette Macdoo's personal and judicial difficulties. Macdoo was the former personal representative of her deceased daughter's estate and discharged all counsel prior to her removal from such status on December 10, 2012, when Mr. Sauer was named as the successor personal representative by the Berrien County Probate Court. (See Exhibit D, appointment of Mr. Sauer).

On March 27, 2012, Roosevelt Thomas, was appointed Plaintiff's counsel. At the request of Mr. Thomas, counsel for Louie's forwarded to him a complete copy of the police report on August 23, 2012. (See Exhibit E, letter enclosing police report). On October 15, 2012, the court lifted the stay order of March 21, 2012, and required that all discovery propounded prior to the stay be answered within 30 days of the appointment of Mr. Sauer which occurred on December 10, 2012. (See Exhibit F, order lifting stay). Accordingly, Plaintiff's answers to the Request for Admissions were due on or about January 10, 2013.

Plaintiff's answers to Louie's Request for Admissions are not only untimely (again, answers were filed on June 7, 2013) but are woefully unresponsive and deficient. A review of these answers (please see Exhibit G) clearly indicates that Plaintiff relied solely on the police report for his answers. However, the report was in his possession shortly after August 23, 2012, when it was mailed to him by counsel for Louie's. Therefore, there is no reasonable excuse as to why the answers are so untimely and in violation of this court's October 15, 2012, order.

Aside from being untimely, the answers are also deficient and therefore should be deemed admitted for this additional reason. Fed. R. Civ. P. 36(a)(3) and (4). Regardless what Quinn said to interrogating police officers 3-4 hours after the incident or the result of

11

various alcohol tests administered in a similar time frame is not indicative of whether he was visibly intoxicated to an ordinary observer when he arrived at Louie's between 10 and 11 p.m. (3-4 hours before the accident) and ordered his one and only pitcher of beer which is the one and only time he was served by Louie's. Reed, supra. There is simply no evidence that Quinn was furnished more than one pitcher of beer. Whether he consumed alcohol from pitchers of beer that were served to others is not tantamount to service of alcohol to him by Louie's.

Even assuming that Quinn was visibly intoxicated at Louie's, there is simply no evidence that he was furnished alcohol while he was visibly intoxicated which is required by MCL 436.1801(2). Plaintiff's response to the Request for Admissions arguably states as much given his arbitrary and unresponsive answers which do not stand for the proposition that (1) Quinn was visibly intoxicated, (2) Quinn was served alcohol while visibly intoxicated or (3) that Quinn consumed alcohol while visibly intoxicated.

Louie's is not only entitled to summary judgment because of Plaintiff's lack of creating a jury triable issue, but for the additional reason that his answers to Louie's Request for Admissions are untimely (by five months) and are also unresponsive and deficient.

## V. **CONCLUSION**

Plaintiff has failed to come forth with evidence demonstrating that Quinn was (1) visibly intoxicated and (2) served alcohol while visibly intoxicated. There is no evidence in the entire record after a lengthy time for discovery to demonstrate a viable dramshop claim against Louie's.

12

## VI. RELIEF REQUESTED

WHEREFORE, for the foregoing reasons as well as those stated in the incorporated brief, Kaz Enterprises, Inc., d/b/a Louie's Sports Bar & Restaurant, respectfully requests that this Honorable Court grant its motion for summary judgment and dismiss with prejudice Plaintiff's complaint together with costs and fees so wrongfully incurred.

Respectfully submitted:

By: /s/ MICHAEL C. EWING
Michael C. Ewing (P49797)
Attorney for Defendant
28819 Franklin Road, Suite 100
Southfield, MI 48034
(248) 204-4645

Date: July 26, 2013

13